ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| INCOME TRUST and AXP VARIABLE PORTFOLIO-INCOME SERIES, INC., | * | Court File No. 00-CV-904 RHK/JMM |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | |
| DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STIPULATION AND ORDER GOVERNING CONFIDENTIALITY OF KPMG DOCUMENTS**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. This Stipulation and Order shall be applicable to and govern all documents, including information contained therein and copies thereof, made available for inspection or produced by KPMG LLP ("KPMG") ("KPMG's documents") in connection with the above-captioned action (the "Action") to counsel for parties in the Action who enter into this Stipulation and Order and all representatives of such counsel ("Counsel for the Parties").

2. None of KPMG's documents shall be disclosed, divulged, revealed, described, transmitted or otherwise communicated by Counsel for the Parties, or any other person, to any person other than (a) the parties; (b) members or employees of Counsel for the Parties to the extent necessary for and solely for the purposes of assisting in prosecuting or defending the Action; (c) experts including consultants retained by Counsel for the Parties to the extent necessary for and solely for the purposes of assisting in prosecuting or defending the Action,

DEC 20 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

provided KPMG is notified, in advance of disclosure to the expert or consultant, of the name of the expert or consultant and his or her firm affiliation, in the manner described below; (d) a witness or potential witness for the purposes of eliciting, preparing or developing written or oral testimony in the Action; (e) the Court; (f) the jury; and (g) court reporters. Each person given access to KPMG documents or copies thereof pursuant to clauses (a) through (d) above shall be advised of the existence and contents of this Stipulation and Order and shall acknowledge receipt of such advice in writing in the form annexed hereto as Exhibit A to be retained by counsel for the party making the disclosure.

3. If Counsel for the Parties intends to disclose any Confidential Material produced by KPMG to any person who is retained to serve as an expert witness or as a consultant, who is engaged in the profession of consulting, accounting or auditing or who is otherwise considered a competitor of KPMG, Counsel for the Parties shall notify counsel for KPMG in writing at least ten (10) business days before any such disclosure is made, of the identity of each such person, his or her professional affiliation(s), and the date on which the disclosure is intended to be made. KPMG shall retain each such notification in confidence and not disclose it to opposing counsel; provided that it shall not be required to keep such information in confidence after any date on which (i) a Court orders disclosure of such information, or (ii) such information is disclosed by the Party in the litigation.

4. Any person permitted access to KPMG's documents pursuant to this Stipulation and Order shall not disclose such documents except to other persons who have been permitted access to said documents under the terms of this Stipulation and Order and shall make no use whatsoever of such documents or information other than in connection with the Action.

5. Unless otherwise agreed in writing in advance by counsel for KPMG, in the event any party to the Action files with the Court any pleading, motion, exhibit or other paper that contains KPMG's documents or contains excerpts or information derived from KPMG's documents or testimony referring or relating to KPMG's documents, such pleading, motion, exhibit or paper shall be filed under seal and bear the following legend:

> THIS DOCUMENT IS FILED UNDER SEAL AND IS SUBJECT TO AN ORDER REGARDING CONFIDENTIAL INFORMATION ENTERED BY THE COURT IN THIS ACTION

and a copy thereof shall be served upon KPMG at the same time and in the same manner as service is made upon the parties to this action.

6. If any court, administrative agency or legislative body or other governmental entity requests or subpoenas or orders production of any documents or information that a party, its counsel or any other person has obtained from KPMG in connection with the Action, such person shall immediately notify KPMG in writing of such request, subpoena or order by delivering by hand or by telecopier a copy of such request, subpoena or order, and will exercise reasonable efforts not to make such documents or information available until twenty (20) days after KPMG has been notified of the request, subpoena or order.

7. At the conclusion of the Action, all documents made available or produced by KPMG in connection with the Action, and any copies, excerpts, or summaries thereof (except documents constituting attorney work product) shall be destroyed or, at KPMG's option, returned to KPMG. Counsel of record for the parties shall each certify to KPMG in writing within 60 days of the conclusion of this litigation that all such materials have been so destroyed or returned.

8. The conclusion of the Action shall not relieve Counsel for the Parties or any person permitted access pursuant to this Stipulation and Order from the obligations set forth herein, and the Court shall retain jurisdiction after the final disposition of the Action for the purpose of any application to enforce the provisions of this Stipulation and Order.

9. This Stipulation and Order shall remain in force and effect until modified, superseded, or terminated, by consent of the parties to this Stipulation or by further order of the Court.

10. In the event KPMG inadvertently produces documents claimed to be privileged or proprietary, such documents shall be returned by the receiving party or parties to KPMG within two (2) days of any written request therefore, unless the receiving party or parties challenge the privileged or proprietary nature of the document(s), in which case the KPMG shall make application to the Court for return of the document(s). While such application is pending, the receiving party or parties shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of any document claimed to be privileged or proprietary shall not constitute a waiver of such privilege or proprietary nature.

11. It is understood and agreed that the execution of this Stipulation and Order shall in no way constitute a waiver of the right of KPMG or any party to the Action to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the uses, relevance or admissibility of any documents or their contents. It is further understood and agreed that, although Counsel for the Parties signing this Stipulation and Order agree to be bound thereby, their signing of this Stipulation

and Order does not constitute their concurrence with KPMG's characterization of documents as being proprietary or confidential.

KPMG LLP

By____________________
Susan C. Cockfield
Associate General Counsel
280 Park Avenue
New York, New York 10017
(212) 909-5840

ATTORNEYS FOR PLAINTIFF

By____________________

ATTORNEYS FOR DEFENDANT

By____________________

SO ORDERED:

____________________

**EXHIBIT A**

The undersigned has read the annexed Stipulation and Order in the above-captioned action signed by counsel for the parties to this action and KPMG, and entered as an Order of the Court on _____________. The undersigned agrees to be bound by the terms thereof, and not to disclose or otherwise use any of the documents or information made available or produced by KPMG in connection with this Action (or any copies thereof or the information contained therein) other than in connection with this Action as provided for in the Stipulation and Order.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.